IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY; ILLINOIS UNION INSURANCE COMPANY; LEXINGTON INSURANCE COMPANY; AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO.: JA006450Z<br><br>     Plaintiffs<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY<br><br>     Defendant | Civil Action File<br><br>No. _____ |

## COMPLAINT

Fireman's Fund Insurance Company, Illinois Union Insurance Company, Lexington Insurance Company, Certain Underwriters at Lloyd's, London Subscribing to Policy No. JA006450Z (hereinafter "the Property Insurers") hereby state their claims against Zurich American Insurance Company (hereinafter "Zurich"), showing the Court as follows:

## Parties

1.

Fireman's Fund Insurance Company is an insurance company organized and existing under the laws of the state of California, and maintains its principal place of business in Novato, California.

2.

Illinois Union Insurance Company is an insurance company organized and existing under the laws of the state of Illinois, and maintains its principal place of business in Chicago, Illinois.

3.

Lexington Insurance Company is an insurance company organized and existing under the laws of the state of Delaware, and maintains its principal place of business at 100 Summer Street, Boston, Massachusetts.

4.

Certain Underwriters at Lloyd's, London Subscribing to Policy No. JA006450Z is a group of insurance underwriters incorporated under the laws of the United Kingdom with a principal place of business in London, England.

5.

Zurich is an insurance company organized and existing under the laws of the state of New York, with his principal place of business at 1400 American Lane T-1, FL-4, Schamburg, Illinois.

6.

Zurich may be served via its registered agent for service of process: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30002.

7.

The Property Insurers and Zurich provided, among other things, co-primary property damage insurance coverage, to AmeriCold Logistics LLC (hereinafter "AmeriCold").

**Jurisdiction and Venue**

8.

The applicable insurance policies issued by the Property Insurers and Zurich were delivered to AmeriCold at its principal place of business, located at 10 Glenlake Parkway, Suite 800, Atlanta, Georgia.

9.

This court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims at issue occurred in this district, and 28 U.S.C. § 1391(c)(2) because Zurich is a corporation and it is an insurer subject to personal jurisdiction in this district.

**Facts**

11.

Fireman's Fund Insurance Company provided primary layer property damage coverage to AmeriCold, with policy limits of $10,000,000 in Policy No. MXI 93012656.

12.

Illinois Union Insurance Company provided primary layer property damage coverage to AmeriCold, with policy limits of $2,500,000 in Policy No. D37373746001.

13.

Lexington Insurance Company provided primary layer property damage coverage to AmeriCold, with policy limits of $10,500,000 in Policy No. 017727972.

14.

Certain Underwriters at Lloyd's, London Subscribing to Policy No. JA006450Z provided primary layer property damage coverage to AmeriCold, with policy limits of $6,375,000 in Policy No. JA006450Z.

15.

Zurich provided primary layer property damage coverage to AmeriCold, with policy limits of $100,000,000 in Policy No. BM318499609.

16.

On January 22, 2010, an incident occurred at an AmeriCold cold storage facility in Portland, Maine that constituted a "breakdown" to "covered equipment" causing damage to "covered property" as defined in Zurich's policy (hereinafter "the incident").

17.

AmeriCold made a claim for property damage arising out of the incident to the Property Insurers and Zurich.

18.

AmeriCold's property damage claim was settled for $637,174.82 by the Property Insurers.

19.

Zurich does not contend that the property damage claim settlement by the Property Insurers was improper or unreasonable.

20.

Zurich has admitted that its policy provides coverage for AmeriCold's property damage arising from the incident but only paid $51,835 with regard to such property damage.

21.

Zurich's pro rata share of the property damage claim, based on all of the insurers' policy limits is 77.29% of $637,174.82, which is $492,472.42. As Zurich only paid $51,835 toward the property damage, Zurich still owes $440,667.28 as its share.

22.

To avoid paying its pro-rata share of the property damage costs, Zurich wrongfully invoked an inapplicable limitation of liability provision related to the "spoilage" of goods.

23.

To honor their contractual commitment to AmeriCold, Property Insurers paid $637,174.82 to AmeriCold's for its property damage claim.

24.

If the Property Insurers had not paid the claim, they would have been subject to suit by AmeriCold.

25.

The Property Insurers reserved their rights to seek recovery from Zurich of the unpaid portion of Zurich's pro rata share, which was paid by the Property Insurers.

26.

The unpaid portion of Zurich's pro rata share is $440,667.28.

27.

The Property Insurers have demanded that Zurich reimburse them for their payment of Zurich's pro rata share of the property damage payment.

28.

All terms and conditions of the Zurich policy have been satisfied, and there are no exclusions or limitations that apply to the subject property damage claim that would reduce or eliminate the full amount owed by Zurich, for the subject loss.

29.

Zurich has refused to make any additional payments for the property damage claim.

## Count I

## Equitable Contribution

30.

The Property Insurers' have paid more than their proportionate share of liability for the subject loss as a result of Zurich's wrongful refusal to pay its pro rata share of the loss, and have no adequate remedy at law.

31.

Zurich has paid less toward the settlement of AmeriCold's property damage claim than equity and justice demands.

32.

An injustice would result if the Property Insurers were not reimbursed by Zurich for their payment of Zurich's share of the loss.

33.

An injustice would result if the Property Insurers were not reimbursed by Zurich for the interest on the funds that Zurich should have paid, from the time that such funds were paid by the Property Insurers.

34.

Based upon the foregoing, the Property Insurers are entitled to a judgment awarding them that portion of the property damage claim settlement paid by them for which Zurich is liable as a matter of equity, plus interest thereon.

## Count II

## Breach of Contract

35.

AmeriCold has assigned to the Property Insurers any and all of its rights, titles, interests, claims, actions, causes of action and/or remedies against Zurich with respect to the incident.

35.

Zurich Policy No. BM318499609 constitutes a valid contract between Zurich and AmeriCold.

36.

The incident resulted in property damage that was covered under Policy No. BM318499609.

37.

All terms and conditions precedent contained in Policy No. BM318499609 were satisfied with regard to AmeriCold's property damage claim to Zurich related to the incident.

38.

No exclusions or limitations contained in Policy No. BM318499609 apply to AmeriCold's property damage claim.

39.

The incident resulted in covered damage to AmeriCold's property in the amount of $637,174.82.

40.

By reason of the Property Insurer's co-primary coverage alongside Zurich Policy No. BM318499609, Zurich was responsible for 77.29% of $637,174.82, which is $492,472.42.

41.

Zurich breached the terms of Policy No. BM318499609 by refusing to pay more than $51,835, resulting in damages in the amount of $440,667.28.

WHEREFORE, the Property Insurers request that this Court enter judgment in their favor:

A.     for equitable contribution or, in the alternative, breach of contract, in the amount of $440,667.28, plus interest from the time said amount was paid by the Property Insurers; and

B. the Property Insurers' attorney's fees, costs, and all other relief that this Court deems just and proper.

The Property Insurers further request a trial by jury on all claims not resolved by summary adjudication.

                         McMICKLE, KUREY, & BRANCH, L.L.P.

                         By: /s *Scott W. McMickle*
                             SCOTT W. McMICKLE
                             Georgia Bar No.
                             /s *Michael P. Johnson*
                             MICHAEL P. JOHNSON
                             Georgia Bar No. 395055
                             For the Firm

                             **Attorneys for the Property Insurers**

200 South Main Street
Alpharetta, GA 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801